**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001024
29-MAY-2013
09:58 AM**

NO. CAAP-12-0001024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOVEY B. LAMBERT, TRUSTEE UNDER THAT
HOVEY B. LAMBERT TRUST, an unrecorded Revocable Living Trust
Agreement dated April 5, 2002, Plaintiff-Appellee,
v.
LESIELI TEISINA, Defendant-Appellant
and
PENISIMANI TEISINA, Intervenor-Appellant,
and
WAHA (K), et al, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2529)

ORDER DENYING THE MAY 22, 2013 MOTION FOR RECONSIDERATION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) the May 16, 2013 order dismissing this appeal for lack of appellate jurisdiction, (2) Defendant-Appellant Lesieli Teisina's and Intervenor-Defendant/Appellant Penisimani Teisina's (the Teisina Appellants) May 22, 2013 motion for reconsideration of the May 16, 2013 dismissal order pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (HRAP), and (3) the record, it appears that we did not overlook or

misapprehend any points of fact or law when we entered the May 16, 2013 dismissal order, and, thus, the Teisina Appellants' May 22, 2013 HRAP Rule 40 motion for reconsideration of the May 16, 2013 dismissal order lacks merit.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that the Teisina Appellants' May 22, 2013 HRAP Rule 40 motion for reconsideration of the May 16, 2013 dismissal order is denied.

DATED: Honolulu, Hawai'i, May 29, 2013.

Chief Judge

Associate Judge

Associate Judge

-2-